CLOSED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JASON L. AMIN-BEY<br>THE HOLY SEE OF AHEZAA<br>MOORISH SCIENCE CONSUL<br>FOR SUPREME PHAROAH<br>DR. ADMIRAL A.L.S.A. EL-BEY<br>a/k/a SULTAN DR. ADMIRAL<br>ALA' AD-DIN AL'<br>AHEZAA EL-BEY,<br><br>        Plaintiff,<br><br>        v.<br><br>UNITED STATES, et al.,<br><br>        Defendants. | Civil Action No. 13-5499 (SRC)<br><br><br><br><br><br><br><br><br><br>**MEMORANDUM OPINION AND ORDER** |

Plaintiff is a pre-trial detainee confined at the Federal Medical Center at Devens ("FMC Devens"), Massachusetts.[1] During his pre-trial detention, Plaintiff commenced numerous civil actions, trial and appellate, invariably filing incomplete in forma pauperis ("IFP") applications and challenging the fact of his confinement and his criminal charges.[2]

---

[1] Plaintiff's prosecution was triggered upon the filing of a criminal complaint charging him with assault of a federal officer. See United States v. Amin-Bey, Crim. No. 11-MJ-3184 (MF), ECF No. 1. After Plaintiff's arrest, the Magistrate Judge committed him for a determination of whether he presented a risk of harm to himself or others, and extended his commitment for evaluation as to whether he was competent to stand trial or a treatment was required to restore him to competency. See id., ECF Nos. 13, 23 and 38. Plaintiff's criminal proceedings were suspended, and he is now being treated at the FMC Devens. See id.

[2] See e.g., Sultan Dr. Admiral Ala'Ad-Din v. United States, Civil Action No. 13-4161 (SRC), ECF Nos. 1, 3, 4, 5, 7 and 8 ("Lawful Complaint Pursuant Exhibit A:184 F.R.D. 588★" (star-sign in original), "Notice of Direct Appeal," "Notice of Common Law Certiorari," "Judicial Notice to Secure Court Order"); Amin Bey v. United States, Civil Action No. 13-5499 (SRC), ECF Nos. 1, 2, 3, 5, 7, 8, 10 and 13 (including eight "Notices of Direct Appeal of Mooring"); Amin Bey v. United States, Civil Action No. 13-6040 (SRC); Pharoah Dr. Admiral A.L.S.A. El

On May 29, 2014, this Court issued a detailed opinion and accompanying order denying Plaintiff's IFP applications without prejudice and administratively terminating his actions, including the instant matter, subject to reopening in the event he timely files: (a) his complete IFP application; and (b) his amended pleading seeking non-habeas relief and raising coherent and cognizable challenges, free of his personal views about citizenship, theological issues or other philosophical matters. See ECF Nos. 14 and 15. In response, Plaintiff submitted an incoherent document titled "Apostolic Notice of Apostle of Direct Appeal to Moor the Appellate Jurisdiction of the Honorable Supreme Court of the United States Pursuant to the Relevant Rules of Said Court of Law." ECF No. 16. The document contains Plaintiff's views about his alleged Moorish citizenship and his philosophical disagreements with the current state of the law. See id. Plaintiff did not submit his in forma pauperis application. See id. Plaintiff's submissions violate this Court's prior Order. However, mindful of the possibility that Plaintiff might be affected by a mental impairment, this Court finds sanctioning Plaintiff inappropriate. See Hoffenberg v. Bumb, 446 F. App'x 394, 400, n.4 (3d Cir. N.J. 2011) (sanctions are inappropriate if the "record before this Court as to [the litigant's] mental health offers an[] explanation for his actions in this proceeding, or in [his] other proceedings"). Rather, this Court will direct the Clerk to stay this matter "until such time as the issue of restoring [Plaintiff's] competency is resolved in the related criminal action," in order to preserve Plaintiff's opportunity to submit a complete IFP application and a coherent pleading. Accord Bussie v. Evans, Civil No. 13-4316 (RMB) (D.N.J.), ECF No. 5, at 3 (same, as to a pre-trial detainee who commenced numerous

---

Bey v. United States, Civil Action No. 13-6340 (SRC), ECF No. 1; Amin Bey v. United States, Civil Action No. 13-6798 (SRC), ECF Nos. 1, 2, 3, 4, 6 and 7 ("Notice of an Original Action Complaint," "Notice to Amend Caption Per Probate," "Notice to Amend Caption Per Religion" and "Notice of Memorandum Per N.J. S[tat.] A[nn]. 3B:-11," "Notice of Direct Appeal," "Notice of Adjudication" and "Notice of Exception"); Pharoah Dr. Admiral A.L.S.A. El Bey v. United States, Civil Action No. 13-6414 (SRC); Amin Bey v. United States, Civil Action No. 13-7289 (SRC); Amin Bey v. United States, Civil Action No. 13-7713 (SRC).

civil matters while being affected by an analogous mental impairment and treated for the purposes of standing trial).[3]

IT IS on ___24___ day of ___June___, 2014,

ORDERED that the Clerk shall reopen this matter by making a new and separate entry reading, "CIVIL CASE REOPENED"; and it is further

ORDERED that Plaintiff's submission docketed as ECF No. 16 is deemed stricken from the docket; and it is further

ORDERED that this matter is stayed until such time as the issue of restoring Plaintiff's competency is resolved in the related criminal action; and it is further

ORDERED that the Clerk shall administratively terminate this matter by making a new and separate entry on the docket reading, "CIVIL CASE TERMINATED. DOCKET ENTRY No. 16 IS STRICKEN FROM THE DOCKET. PLAINTIFF'S CIVIL PROCEEDING IS STAYED"; and it is further

ORDERED that Plaintiff's time to submit his filing fee or complete in forma pauperis application is extended for ninety days from the date of entry of a judicial finding that Plaintiff is competent to stand trial in his underlying criminal proceeding; and it is finally

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon

---

[3] No Rule 17(c) pro bono counsel analysis, as detailed in Powell v. Symons, 680 F.3d 301, 307 (3d Cir. 2012), is required for the purposes of Plaintiff's civil matters, including the instant action, since the allegations raised in these matters are based on Plaintiff's criminal prosecution and his theological/philosophical beliefs rather than on his conditions of confinement. See also N.J. Stat. Ann. § 2A:14-21 (providing statutory tolling of civil claims on the bases of minority and insanity); accord Wallace v. Kato, 549 U.S. 384, 387-88 (2007) (civil rights claims are best characterized as personal injury actions and, thus, are governed by the applicable state's statute of limitations); O'Connor v. City of Newark, 440 F.3d 125, 126-27 (3d Cir. 2006) (New Jersey personal injury statute of limitations applies to the claims raised under § 1983 or under Bivens).

3

Plaintiff by regular U.S. mail.

/s/ Stanley R. Chesler

**STANLEY R. CHESLER**
**United States District Judge**